United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 13, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 05-30792
Summary Calendar

Henry Poirier

                                        Plaintiff-Appellee,

versus

Diamond Offshore (USA), Inc.,
Diamond Offshore Management Co.

                                        Defendants-Appellants.

Appeal from the United States District Court
For the Eastern District of Louisiana

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.
PER CURIAM:[*]

Following a two-day bench trial, the district court entered judgment against Diamond Offshore Management Company on plaintiff-appellee Henry Poirier's Jones Act negligence and unseaworthiness claims. Diamond Offshore appeals, challenging the district court's finding of an unseaworthy vessel and the calculation of damages. We affirm.

Diamond Offshore first challenges the district court's ruling that "the crew supervisor . . . created an unseaworthy condition by allowing the crew to carry out a procedure in which the Plaintiff

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

remained hooked to the manrider and safety lines while on deck during continuous high winds." This ruling, it argues, is contrary to the Supreme Court's decision in *Usner*, which held that an "isolated, personal negligent act of [a fellow worker" cannot provide the basis for a claim of transitory unseaworthiness. *Usner v. Luckenbach Overseas Corp.*, 400 U.S. 494, 500 (1971).

We decline to correct the district court's error, if any, because such an error would not affect the defendant's substantial rights. *See* FED.R.CIV.P. 61. The plaintiff's recovery is independently supported by his winning claim of negligence under the Jones Act, a judgment from which Diamond Offshore does not appeal.

Diamond Offshore also challenges as clearly erroneous the district court's damage awards for past and future pain and suffering ($250,000), past lost wages ($50,000), and future economic loss ($180,000). We are convinced, after a review of the record, that these amounts are not greater than the maximum amount the trier of fact could properly have awarded. *Sosa v. M/V Lago Izabal*, 736 F.2d 1028, 1035 (1984).